IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSALYN HEATER, )
)
Plaintiff, )
)
-vs- )
Civil Action No. 06-1264
)
IMPRO CORPORATION, DAN PARRISH and )
BRADY TROUTMAN, )
)
Defendants. )

AMBROSE, Chief District Judge.

**OPINION and ORDER OF COURT**

**SYNOPSIS**

Plaintiff sued her employer and two supervisors for what she contends was a continuous pattern of gender and age discrimination, harassment and retaliation. The Defendants seek the dismissal of certain of the claims on the grounds that Plaintiff failed to timely filed those claims with the appropriate agencies. Because I find that Plaintiff is entitled, at least at this procedural juncture, to invoke the doctrine of equitable tolling, the Motion is denied.

**OPINION**

Rosalyn Heater, who is over forty years old, worked as a warehouse shipping clerk for defendant Impro Corporation ("Impro"). Defendants Dan Parrish ("Parrish") and Brady Troutman ("Troutman") supervised and /or managed the warehouse

during Heater's employment. According to Heater, they also participated in and fostered a campaign of sexual and age discrimination, harassment and retaliation directed at her. The discrimination consisted of, among other things, vulgar and inappropriate comments and, on a few occasions, unwelcome touching. The unlawful employment practices began on or about April 19, 2004 and continued even after she was unable to continuing working due to disability in February of 2005.

Heater has asserted claims against Impro under Title VII , 42 U.S.C. § 2000e et seq., Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951 et seq. She also asserts claims against Parrish and Troutman for aiding and abetting employment discrimination.

Impro, Parrish and Troutman have filed a Motion to Dismiss. See Docket No. 14. The Defendants seek the dismissal of the claims asserted under Title VII, the ADEA and the PHRA on the basis that Heater failed to file her agency charge within the time allowed under those statutes. It is undisputed that Heater did file such charges and that the EEOC did issue a Right to Sue letter. The only issue before me is whether she filed with the EEOC on time. Heater contends that dismissal is unwarranted.

For the reasons set forth below, the Motion is denied.

**STANDARD OF REVIEW**[1]

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at

[1] Although Defendants have filed a Motion to Dismiss, both they and Plaintiff have submitted exhibits for the Court's consideration. Consequently, I will treat the pending Motion as one for summary judgment.

322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**ANALYSIS**

Though Heater offers other arguments to defeat the pending Motion, I need focus on only one - that of equitable tolling. Accepting for a moment the Defendants' argument that Heater did not file her administrative complaint in a timely manner, I note that such time limits are not jurisdictional in nature. Rather, the time requirement is akin to a statute of limitations and is thus subject to equitable tolling. See Courtney v. La Salle University, 124 F.3d 499, 505 (3d Cir. 1997) and Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1392 (3d Cir. 1994). Consequently, if Heater satisfies the requirements for equitable tolling, her claims will be deemed timely filed.

According to the Third Circuit, a plaintiff can demonstrate that equitable tolling is appropriate by proving that: (1) the defendant actively mislead the plaintiff regarding the plaintiff's claim; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. See Oshiver, 38 F.3d at 1387. Here, Heater invokes the second prong of this standard. She insists that her mental illness justifies application of the doctrine of equitable tolling.

In support of this assertion, Heater alleges that she made two suicide

attempts, one in November of 2004 while still working at Impro (she stopped showing up for work in February of 2005) and one in September of 2006 (she filed her administrative complaint in March of 2006). See Docket No. 24, p. 6. She also submitted a physician's note to Impro dated February 7, 2005, stating that she would be unable to return to work until further notice. See Docket No. 23-8. On March 8, 2005, Dr. Osten wrote a letter to Impro certifying that Heater was under her care and could not return to work until further notice "due to emotional stressors at work, pending evaluation by psychiatry." See Docket No. 23-6. Heater has also submitted a letter date January 4, 2007 from Dr. Kanthi Menon, a psychiatrist with Western Psychiatric Institute and Clinic, which states, in relevant part:

> Rosalyn Heater has been under my care since June 2005. She was very symptomatic in the beginning, and her medications needed to be adjusted to improve her target symptoms. She receives individual psychotherapy as well.

See Docket No. 23-5. Finally, and most significantly for purposes of equitable tolling, Heater has provided a letter dated January 16, 2007 from Dr. Menon and Lynn Valencic, an outpatient adult therapist also with Western Psychiatric Institute and Clinic, which states in relevant part:

> This letter is to verify that Rosalyn Heater has been in treatment with this facility since March 04, 2005 with treatment for bipolar disorder initially through the partial hospitalization program from 03/04/2005 through 06/06/2005. Rosalyn has continued to receive outpatient individual therapy every one to two weeks and regular medication evaluations on an outpatient basis by the undersigned clinician.
>
> Through observation of and work with this client, it can

> be stated that the severity of her psychiatric symptoms impaired her ability to recognize her legal rights and handle her legal affairs from March 2005 through March 2006.

See Docket No. 23-4 (emphasis added). The evidence submitted indicates that Heater suffered from a mental illness which predated her departure from Impro. The mental illness was of such severity that she was hospitalized, at least partially, for a period of three months immediately following her departure from Impro. She has remained on medication for almost two years and continues to receive individual therapy on a regular basis. Most significantly, her medical providers opined that, during the relevant period of time, Heater's psychiatric state "impaired her ability to recognize her legal rights and handle her legal affairs." See Docket No. 23-4.

I find that the circumstances of Heater's mental illness justify application of the doctrine of equitable tolling, at least at this procedural stage. See Harris v. Potter, Civ. No. 3-3522, 2004 WL 1613578 (E.D. Pa. July 16, 2004) (finding that plaintiff had produced sufficient evidence that her mental illness justified application of the equitable tolling doctrine). If Defendants desire to engage in discovery on this matter in order to later challenge whether Heater was in fact incapable of recognizing her legal rights and managing her legal affairs, they are permitted to do so.

*****************************

**ORDER OF COURT**

THEREFORE, this **30th** day of January, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss (Docket No. 14) is DENIED.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge